IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAURA L. DILLON, ) | |
| ) | Case No.: 8:05CV467 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| GOTTSCH EMPLOYERS GROUP, ) | FIRST AMENDED |
| LLC, a Nebraska LLC; GOTTSCH ) | COMPLAINT |
| CATTLE CO., LLC, a Nebraska LLC; ) | |
| GOTTSCH FEEDING CORP., a ) | |
| Nebraska Corporation; GOTTSCH ) | |
| BROTHERS, L.L.C., a Nebraska LLC, ) | |
| all doing business as GOTTSCH ) | |
| ENTERPRISES, ) | |
| ) | |
| Defendants. ) | |

COMES NOW the Plaintiff, Laura L. Dillon, and files this First Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure which allows one amended pleading to be filed prior to the filing of a responsive pleading. Mrs. Dillon further states and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper because defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446 because plaintiff's claims are based upon federal laws: 42 U.S.C. § 2000e, et seq. (Title VII of the Civil Rights Act of 1964) and 29 U.S.C. § 201 et seq., (Fair Labor Standards Act). Further, Plaintiff's administrative complaint has been filed for more than 180 days and no dispositive action has been taken on her complaint, divesting the EEOC of exclusive jurisdiction.

2. Venue is proper in this district court pursuant to Neb. Rev. Stat. § 25-403.01 because the registered agent of the defendant corporations is located in Douglas County, Nebraska.

## PARTIES

3.      Plaintiff Laura L. Dillon is a resident of Hastings, Adams County, Nebraska.

4.      On information and belief, Gottsch Enterprises is a trade name under which various corporate entities owned and controlled by the Gottsch family conduct business. Gottsch Enterprises is operated from Hastings, Nebraska.

5.      Gottsch Feeding Corporation is a corporation organized and existing under the laws of the State of Nebraska with its registered agent and principal place of business in Elkhorn, Nebraska.

6.      Gottsch Employers Group, L.L.C. is a Limited Liability Corporation organized and existing under the laws of the State of Nebraska with its registered agent and office in Elkhorn, Nebraska.

7.      Gottsch Brothers, L.L.C. is a Limited Liability Corporation organized and existing under the laws of the State of Nebraska with its registered agent and office in Elkhorn, Nebraska.

8.      Gottsch Cattle Company, L.L.C. is a Limited Liability Corporation organized and existing under the laws of the State of Nebraska with its registered agent and office in Elkhorn, Nebraska.

9.      The registered agent for Gottsch Feeding Corporation, Gottsch Employers Group, L.L.C.; Gottsch Brothers, L.L.C.; and Gottsch Cattle Company, L.L.C. is Brett A. Gottsch, 1015 North 204th Avenue, Elkhorn, NE  68022.

## FACTS AND BACKGROUND

10. On or about August 18, 2003, Laura L. Dillon (hereafter Mrs. Dillon) became employed by Gottsch Enterprises.

11. Mrs. Dillon worked as a cattle accountant, keeping track of lots of cattle being fed at Gottsch feed lots.

12. Mrs. Dillon kept track of lots of cattle that were owned by Gottsch Enterprises as well as cattle being fed on Gottsch feed lots which were not owned by Gottsch Enterprises.

13. Mrs. Dillon's paychecks were issued by Gottsch Employer's Group, LLC.

14. The business entity owning the cattle was Gottsch Feeding Co., LLC.

15. Mrs. Dillon's immediate supervisor was Norma Bartlett.

16. Mrs. Dillon's second level supervisor was Dave Luth.

17. Jerry Lehman was an employee of Gottsch Enterprises who performed the same job function as Mrs. Dillon.

18. During her employment with Gottsch Enterprises Mrs. Dillon regularly worked more than 40 hours in one week and was never paid overtime.

19. Following Mrs. Dillon's termination and a Department of Labor investigation, Gottsch Enterprises paid back overtime pay to Mr. Lehman.

20. Gottsch Enterprises has refused to pay Mrs. Dillon overtime pay for weeks in which she worked more than 40 hours during her employment with Gottsch Enterprises.

21. On or about May 11, 2004, Mrs. Dillon (along with several other employees) received an email from a co-worker which had an obscene photograph attached.

22. Shortly after receiving the obscene email, Mrs. Dillon contacted her second-level supervisor, Dave Luth, and told him about the offensive email and her distress at receiving it.

23. On the first working day following her complaint to Mr. Luth about the offensive email, Mrs. Dillon was told that she was going to be demoted.

24. On a "work behaviors" report prepared in July of 2004 by Mrs. Dillon's direct supervisor, the supervisor noted as a negative an "attitude change" on the part of Mrs. Dillon that "came to a head in late May."

25. After she complained of the obscene email Mrs. Dillon's coworkers refused to talk to her and refused to give her information necessary for her to perform her duties as a cattle accountant.

26. When Mrs. Dillon spoke to her supervisors about her co-workers' refusal to provide her information necessary to her job she was told that at least one co-worker was afraid to talk to her because he was afraid she would accuse him of sexual harassment. No action was taken to insure Mrs. Dillon received business information from her co-workers.

27. Mrs. Dillon's employment at Gottsch Enterprises was terminated on August 20, 2004, without cause.

28. In December, 2004, Mrs. Dillon filed a complaint of discrimination with the Nebraska Equal Opportunity Commission ("NEOC") and the EEOC.

29.    The EEOC did not complete adjudication of Mrs. Dillon's claim within 180 days, divesting the Agency of exclusive jurisdiction.

30.    Mrs. Dillon received a Notice of Right to Sue, issued on request, from the EEOC. The Notice of Right to Sue was mailed September 20, 2005.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act

31.    Plaintiff incorporates the allegations contained in paragraphs 1 through 30 as if the same were set forth herein in full.

32.    While Mrs. Dillon worked for Gottsch Enterprises she regularly worked more than 40 hours in a week.

33.    The Fair Labor Standards Act exemption for persons employed in agriculture was not applicable to Mrs. Dillon.

34.    Gottsch Enterprises has failed and refused to pay Mrs. Dillon overtime owed to her in accordance with the FLSA.

35.    Gottsch Enterprises knew or should have known that Mrs. Dillon is entitled to overtime compensation.

36.    Mrs. Dillon is entitled to recover back overtime pay and all other relief provided by the FLSA.

## SECOND CAUSE OF ACTION

### Sexual Harassment: Retaliation; 42 U.S.C. § 2000(e), et seq.

37.    Plaintiff incorporates the allegations contained in paragraphs 1 through 36 as if the same were set forth herein in full.

38. An obscene email was distributed to Mrs. Dillon and her co-workers which created a hostile environment offensive to Mrs. Dillon because of her gender.

39. Mrs. Dillon complained of the email to her second level supervisor.

40. Mrs. Dillon was retaliated against for complaining about the email by each of the following actions:

    a. Mrs. Dillon was told she would be demoted;

    b. Mrs. Dillon's co-workers refused to give her information necessary to do her job;

    c. Mrs. Dillon's supervisors refused to discipline her co-worker for his refusal to provide information to Mrs. Dillon because of his alleged fear of "being accused of sexual harassment";

    d. Mrs. Dillon was fired without cause.

41. Mrs. Dillon filed an administrative complaint of discrimination with the EEOC within the time required by law and her claim was not adjudicated within 180 days.

42. Gottsch Enterprises unlawfully discriminated against Mrs. Dillon by retaliating against her for her complaint about the obscene email.

43. Gottsch Enterprises knew or should have known that its actions described above were in violation of Title VII of the Civil Rights Act of 1964.

## THIRD CAUSE OF ACTION

**Sexual Harassment: Retaliation; Neb. Rev. Stat. §§ 48-1101, et seq.**

44. Plaintiff incorporates the allegations contained in paragraphs 1 through 43 as if the same were set forth herein in full.

6

45. An obscene email was distributed to Mrs. Dillon and her co-workers which created a hostile environment offensive to Mrs. Dillon because of her gender.

46. Mrs. Dillon complained of the email to her second level supervisor.

47. Mrs. Dillon was retaliated against for complaining about the email by each of the following actions:

    a. Mrs. Dillon was told she would be demoted;

    b. Mrs. Dillon's co-workers refused to give her information necessary to do her job;

    c. Mrs. Dillon's supervisors refused to discipline her co-worker for his refusal to provide information to Mrs. Dillon because of his alleged fear of "being accused of sexual harassment";

    d. Mrs. Dillon was fired without cause.

48. Mrs. Dillon filed an administrative complaint of discrimination with the NEOC within 300 days of the discriminatory acts as required by Nebraska law and has sent notice of filing this complaint to the NEOC as required by Neb. Rev. Stat. § 48-1119(4).

49. Mrs. Dillon has received a Notice of Right to Sue (issued on request) from the EEOC. The Notice of Right to Sue was mailed on September 20, 2005.

50. Gottsch Enterprises unlawfully discriminated against Mrs. Dillon by retaliating against her for her complaint about the obscene email.

51. Gottsch Enterprises knew or should have known that the above actions were in violation of the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. §§ 48-1101 through 48-1126.

WHEREFORE, Mrs. Dillon prays for relief as follows:

1. For the overtime pay due her under the FLSA;

2. For back pay due as a result of her termination;

3. For front pay because reinstatement would not be practical under the circumstances;

4. For punitive damages sufficient to punish Gottsch Enterprises for its intentional acts of discrimination and retaliation;

5. For attorneys fees and costs of this suit;

6. For such other relief as is appropriate and lawful under the circumstances.

Dated this 18th day of October, 2005.

        LAURA L. DILLON, Plaintiff

        By  s/Diana J. Vogt
          Diana J. Vogt, NE #19387
          P.O. Box 8553
          Omaha, NE  68108-8553
          (402) 933-4103
          Fax (402) 933-1126
          djvogt@expartelegal.com

        ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October, 2005, I served a copy of the foregoing by placing a copy in the United States mails, first class postage prepaid, addressed to Defendant's counsel as follows:

        Joseph Dreesen
        Rachel K. Alexander
        BERENS & TATE, P.C.
        10050 Regency Circle, Suite 400
        Omaha, NE  68114

and by electronically filing the same with the Clerk of Court using the CM/ECF system which will send notification of said filing to: Rachel K. Alexander pursuant to Fed. R. Civ. P. 5(d) and NELR 5.4(b)(1).

                                                                             <u>s/Diana J. Vogt</u>
                                                                             Diana J. Vogt, NE #19387