**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **LAURA L. DILLON,** | ) | **CASE NO. 8:05CV467** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **GOTTSCH EMPLOYERS GROUP,** | ) | **MEMORANDUM** |
| **LLC, a Nebraska LLC; GOTTSCH** | ) | **AND ORDER** |
| **CATTLE CO., LLC, a Nebraska LLC;** | ) | |
| **GOTTSCH FEEDING CORP., a** | ) | |
| **Nebraska Corporation; GOTTSCH** | ) | |
| **BROTHERS, LLC, a Nebraska LLC,** | ) | |
| **all doing business as GOTTSCH** | ) | |
| **ENTERPRISES,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Motion to Dismiss (Filing No. 9) submitted by Defendants Gottsch Cattle Company, L.L.C. ("Gottsch Cattle"), Gottsch Brothers, L.L.C. ("Gottsch Brothers"), and Gottsch Enterprises[1] to the extent that it is named as a defendant. The foregoing Defendants and the Plaintiff have submitted briefs and indexes of evidence in support of their respective positions. For the reasons stated below, the Motion to Dismiss will be granted.

---

[1] The First Amended Complaint (Filing No. 8) alleges that Gottsch Enterprises is a trade name and that the other named defendants are "doing business as" Gottsch Enterprises. *Id.* at caption and ¶ 4. The Defendants have submitted evidence that Gottsch Enterprises is a partnership that had no dealings with the Plaintiff, her employment, or her job functions. (Affidavit of David Luth, Filing No. 12, ¶ 2). The Plaintiff has introduced evidence that Gottsch Enterprises, Inc., was at one time a Nebraska corporation, and is now inactive. (Affidavit of Diana J. Vogt, Filing No. 15-2, ¶ 8, and Exhibit J to Affidavit).

1

## STANDARD OF REVIEW

The foregoing Defendants (hereafter "Defendants") have moved the Court to dismiss them from this action under Fed. R. Civ. P. 12 and 21.  Although the Defendants do not specify the subsection of Rule 12 on which they rely, it appears that they contend that the Amended Complaint fails to state a claim against them upon which relief can be granted.  (Fed. R. Civ. P. 12(b)(6)).  Because the parties have submitted evidence in support of and in opposition to the motion, and because I will not exclude such evidence, the motion is effectively one for summary judgment under Fed. R. Civ. P. 56.  (See Fed. R. Civ. P. 12(b)).  With respect to the Defendants' reliance on Rule 21, the rule provides: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

Dismissal under Rule 12(b)(6) serves to cancel actions which contain fatal flaws in their legal premises, and thereby spare the parties to the inappropriate action the burden and expense of unnecessary pretrial and trial activities.  *Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir. 2001).  To avoid dismissal, a complaint must provide allegations sufficient to state a claim as a matter of law and not merely provide legal conclusions.  *Id.* In considering a motion to dismiss a complaint under Rule 12(b)(6), a court must assume all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most favorable to the plaintiff.  *Young,* 244 F.3d at 627; *Schmedding v. Tnemec Co.,* 187 F.3d 862, 864 (8th Cir. 1999).  Accordingly, for purposes of the pending motion, I have accepted as true all facts alleged in the Amended Complaint and afforded to the

Plaintiff all reasonable inferences to be drawn from those facts.  *Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002).

Summary judgment under Rule 56 is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003).  The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The proponent need not, however, negate the opponent's claims or defenses.  *Id.* at 324-25.  In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts."  *Id.* at 586.  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Id.* at 249-50 (citations omitted).  Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part

of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Celotex Corp.*,  477 U.S. at 327.

## DISCUSSION

In the Amended Complaint, the Plaintiff Laura L. Dillon ("Dillon") alleges that "Gottsch Enterprises" is a trade name used by other named Defendants.  (*Id.* ¶ 4). Nowhere in the Amended Complaint is there any indication that Gottsch Enterprises is a legal entity with the capacity to be sued.  No separate summons was issued with respect to "Gottsch Enterprises," and no formal appearance has been entered by any such entity. (See removal documents at Filing No. 1).  To the extent that a legal entity by the name of "Gottsch Enterprises" does exist, it is not a party to this action.

Dillon's Amended Complaint alleges three causes of action against her former employer, whom she refers to as "Gottsch Enterprises."  (*Id.* ¶¶ 31-51).  However, she states that her paychecks were issued by Gottsch Employer's Group, L.L.C., and her work involved the tracking of cattle owned by Gottsch Feeding Co., L.L.C.  (*Id.* ¶¶ 13-14).  David Luth, Controller of Gottsch Cattle Company, L.L.C., states that he was employed by Gottsch Feeding Corporation at the time of Dillon's employment, and that he has knowledge of Dillon's employment status and the relationship of the various Gottsch companies.  (Affidavit of David Luth, Filing No. 12 ("Luth Aff.") ¶1).  According to Luth, Dillon was employed by Gottsch Feeding Corporation, and Gottsch Employer's Group was responsible for her "payroll."  (*Id.* ¶ 4).  Gottsch Feeding Corporation and Gottsch Employer's Group, L.L.C., filed an Answer to the Amended Complaint, admitting that Dillon was employed by Gottsch Feeding Corporation, and that her paychecks were issued by

4

Gottsch Employer's Group, L.L.C. (Answer, Filing No. 19, ¶¶ 10, 13, 27). Dillon does not dispute Luth's assertions, but presents her own evidence that the various Gottsch entities are closely related and have done business under the name "Gottsch Enterprises" from time to time. (Filing No. 15-2 through 15-12). Dillon suggests that all Defendants should remain in the action throughout discovery proceedings to confirm the true identity of her employer. (Affidavit of Diana J. Vogt, Filing No. 15-2 ("Vogt Aff.") ¶¶ 9-13).

While I appreciate the fact that Dillon may have worked under a cloud of ambiguity regarding the true identity of her employer, and I recognize her counsel's diligence in naming and serving all Gottsch entities as defendants, the Amended Complaint simply states no cause of action against Gottsch Brothers, L.L.C., or Gottsch Cattle Company, L.L.C. If it is later determined that a party defendant should be added in the interests of justice, I will readily entertain such a motion.

## CONCLUSION

The Plaintiff's claims against Gottsch Cattle Co., L.L.C., and Gottsch Brothers, L.L.C., will be dismissed, without prejudice, and this action will proceed against Gottsch Employers Group, L.L.C., and Gottsch Feeding Corp., both allegedly "doing business as Gottsch Enterprises."

IT IS ORDERED:

1. The Motion to Dismiss submitted by Defendants Gottsch Cattle Company, L.L.C., and Gottsch Brothers, L.L.C. (Filing No. 9) is granted;

2. Gottsch Cattle Company, L.L.C., and Gottsch Brothers, L.L.C., are dismissed as defendants, without prejudice;

5

3. No legal entity by the name of Gottsch Enterprises is a party in this action; and

4. The Clerk will amend the caption of this case to list as the Defendants: GOTTSCH EMPLOYERS GROUP, L.L.C., Nebraska Limited Liability Company; and GOTTSCH FEEDING CORPORATION, a Nebraska Corporation, both doing business as Gottsch Enterprises.

Dated this 6th day of January, 2006.

                BY THE COURT:

                s/Laurie Smith Camp
                United States District Judge